IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | | |
|---|---|---|---|
| | ) | | |
| v. | ) | Criminal No. 12-39 | Erie |
| | ) | | |
| OLLIE DION PULLIUM | ) | **(Under Seal)** | |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a two-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to possess with intent to distribute and distribution of less than five hundred (500) grams of cocaine, a Schedule II controlled substance On or about January 10, 2012 | 21 U.S.C. § 846 |

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 2 | Possession with intent to distribute and distribution of less than five hundred (500) grams of cocaine, a Schedule II controlled substance On or about January 10, 2012 | 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) 18 U.S.C. §2 |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of conspiracy to possess with intent to distribute and distribution of less than five hundred (500) grams of cocaine, in violation of 21 U.S.C. §846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to possess with the intent to distribute and distribute a controlled substance.

2. That Ollie Dion Pullium was a party to or member of that agreement.

3. That Ollie Dion Pullium joined the agreement or conspiracy knowing of its objective to possess with the intent to distribute and distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that Ollie Dion Pullium and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective.

4. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. §812(c), Schedule II(a)(4).

5. That the conspiracy had the specific unlawful purpose of distributing and/or possessing with intent to distribute less than five hundred (500) grams of cocaine.  21 U.S.C. § 841(b)(1)(C).  (Apprendi v. New Jersey, 530 U.S. 466 (2000)).

> Third Circuit Model Criminal Jury Instruction 6.21.846B (modified).

**B. As to Count 2:**

In order for the crime of possession with intent to distribute and distribution of less than five hundred (500) grams of cocaine, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date set forth, the defendant distributed and possessed with intent to distribute the controlled substance charged in the indictment.

> United States v. Lartey, 716 F.2d 955, 967 (2d Cir. 1983); United States v. Wright, 593 F.2d 105, 107-108 (9th Cir. 1979); United States v. Tighe, 551 F.2d 18, 21 (3d Cir.), cert. denied, 434 U.S. 823 (1977).

2. That the defendant did so knowingly and intentionally.

> United States v. Jewell, 532 F.2d 697, 699-700 (9th Cir.), cert. denied, 426 U.S. 951 (1976); United States v. Kairouz, 751 F.2d 467, 469 (1st Cir. 1985).

3. That cocaine is a Schedule II controlled substance, pursuant to 21 U.S.C. §812(c), Schedule II(a)(4).

### III. **PENALTIES**

A. As to Count 1: Conspiracy to possess with intent to distribute and distribution of less than five hundred (500) grams of cocaine (21 U.S.C. §846):

1. A term of imprisonment of not more than twenty (20) years.

2. A fine not to exceed $1,000,000.

3. A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1. A term of imprisonment of not more than thirty (30) years.

2. A fine not to exceed $2,000,000.

3. A term of supervised release of at least six (6) years.

B. As to Count 2: Possession with intent to distribute and distribution of less than five hundred (500) grams of cocaine (21 U.S.C. §§841(a)(1) and 841(b)(1)(C)):

1. A term of imprisonment of not more than twenty (20) years.

2. A fine not to exceed $1,000,000.

3. A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

    1.   A term of imprisonment of not more than thirty (30) years.

    2.   A fine not to exceed $2,000,000.

    3.   A term of supervised release of at least six (6) years.

### IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed on each count upon which the defendant is convicted, pursuant to 18 U.S.C. §3013.

### V.   RESTITUTION

Not applicable in this case.

### VI.   FORFEITURE

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON  
United States Attorney

*/s/ Marshall J. Piccinini*

MARSHALL J. PICCININI  
Assistant U.S. Attorney  
PA ID No. 56362